IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT IN AND
FOR SUMTER COUNTY, FLORIDA

CASE NO.: 2011 CA 000005

JOSE A. TORRES and
JANNETT TORRES

      Plaintiffs,

vs.

NIKOLAI MIKHAILENKO and
PLANET LOGISTICS, INC., a foreign
corporation

      Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiffs, JOSE A. TORRES and JANNETT TORRES, by and through their undersigned attorneys, and files this Complaint against Defendants, NIKOLAI MIKHAILENKO and PLANET LOGISTICS, INC. As grounds therefore, Plaintiffs state:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2. At all times material hereto, Defendant, NIKOLAI MIKHAILENKO ("MIKHAILENKO"), is and was a resident of Addison County, New England and is sui juris.

3. At all times material hereto, Defendant, PLANET LOGISTICS, INC. ("PLANET"), is and was a foreign corporation and motor carrier, with its principal business being interstate transport by tractor-trailer, including into and through Sumter County, Florida.

4. At all times material hereto, Plaintiffs, JOSE A. TORRES and JANNETT TORRES, husband and wife, are and were residents of Orange County, Florida.

10 Day


EXHIBIT A

*Torres v. Mikhailenko and Planet*
Complaint

5. At all times material, MIKHAILENKO was an agent, servant, or employee of PLANET and was acting in the course of scope of his employment with PLANET.

6. At all times material, MIKHAILENKO was operating a 2002 VOLVO tractor-trailer owned and/or leased by PLANET and/or MIKHAILENKO ("tractor-trailer") with the consent, either implicit or explicit, of PLANET.

7. On or about July 7, 2008, Plaintiff, JOSE A. TORRES, was operating a tractor-trailer on State Road 91 near the intersection of County Road 470. At that time and place it was raining with lightning. At that time and place, MIKHAILENKO negligently and recklessly operated or maintained the tractor-trailer so that it violently struck at high speed the tractor-trailer driven by Plaintiff, Jose A. Torres. Further, pursuant to Federal Motor Carrier Regulation 49 C.F.R. sec 392.14, given the hazardous road conditions caused by the adverse weather, MIKHAILENKO was required to use extreme caution when operating the tractor-trailer, which he failed to do.

## COUNT I
### JOSE A. TORRES: Negligence of MIKHAILENKO

8. Plaintiff, JOSE A. TORRES, re-alleges and incorporates by reference Paragraphs 1 through 7 above.

9. As a direct and proximate result of MIKHAILENKO's negligent and reckless operation and maintenance of the tractor-trailer and violation of Federal Motor Carrier Regulation 49 C.F.R. sec. 392.14, Plaintiff, JOSE A. TORRES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, past and future medical expenses, as well as past and future loss of income. The losses are either permanent and/or continuing in nature, and Plaintiff, JOSE A. TORRES, will suffer losses in the future.

*Torres v. Mikhailenko and Planet*
Complaint

WHEREFORE, PLAINTIFF demands judgment against MIKHAILENKO for damages in excess of Fifteen Thousand Dollars ($15,000), together with interest and costs, and demands a trial by jury on all issues so triable.

### COUNT II
### JOSE A. TORRES: Negligence of PLANET-Vicarious Liability as Vehicle Owner and/or as MIKHAILENKO's Employer

10. Plaintiff, JOSE A. TORRES re-alleges and incorporates by reference Paragraphs 1 through 7, above.

11. Pursuant to Florida's dangerous instrumentality doctrine, as the owner of the tractor-trailer driven by MIKHAILENKO, PLANET is vicariously liable for MIKHAILENKO's negligence and violation of Federal Motor Carrier Regulation 49 C.F.R. sec. 392.14, as set forth above. Additionally and/or in the alternative, PLANET is vicariously liable for MIKHAILENKO's negligence under the principle of *respondeat superior* because he was in the course and scope of his employment with PLANET at the time of the subject incident and/or designed to further PLANET'S business.

12. As a direct and proximate result of MIKHAILENKO's negligent and reckless operation and maintenance of the tractor-trailer and violation of Federal Motor Carrier Regulation 49 C.F.R. sec. 392.14, for which negligence PLANET is responsible for as the owner of the tractor-trailer and/or because MIKHAILENKO was in the course and scope of his employment with PLANET (and/or designed to further PLANET'S business), Plaintiff, JOSE A. TORRES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, past and future medical expenses, as well as past and future loss of income. The losses are either permanent and/or continuing in nature, and Plaintiff, JOSE A. TORRES, will suffer losses in the future.

3

*Torres v. Mikhailenko and Planet*
Complaint

WHEREFORE, PLAINTIFF demands judgment against PLANET for damages in excess of Fifteen Thousand Dollars ($15,000), together with interest and costs, and demands a trial by jury on all issues so triable.

## COUNT III
### JANNETT TORRES: Loss of Consortium – MIKHAILENKO and PLANET

13. Plaintiff, JANNETT TORRES, re-alleges and incorporates by reference Paragraphs 1 through 7, above.

14. As a direct and proximate result of the carelessness and negligence of Defendants, MIKHAILENKO and PLANET and their violation of Federal Motor Carrier Regulation 49 C.F.R. sec. 392.14, JANNETT TORRES has suffered the loss of her husband's services, consortium, and the care and comfort of his society because of his injuries and disabilities.

WHEREFORE, PLAINTIFF, JANNETT TORRES, demands judgment against MIKHAILENKO and PLANET for damages in excess of Fifteen Thousand Dollars ($15,000), together with interest and costs, and demands a trial by jury on all issues so triable.

Dated this 30th day of December 2010.

HUGH JAMES MCDONNELL, P.A.

_____
Hugh James McDonnell, Esquire
Florida Bar No: 913121
128 East Livingston Street
Orlando, Florida 32801-1539
Telephone: (407) 422-1200
Facsimile: (407) 422-2001
Attorneys for Plaintiffs

-and-

WILLIAMS & WISEMAN, P.A.

Simon L. Wiseman, Esquire
Florida Bar No: 0395110
1115 East Livingston Street
Orlando, Florida 32803
Telephone: (407) 425-4755
Telecopier: (407) 425-3931
Co-Counsel for Plaintiffs

4